LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to note that the plain meaning of § 15-18-5, Ala.Code 1975, compels the reversal of the judgment of the Court of Criminal Appeals.
Section 15-18-5 provides, in pertinent part: “Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense.” (Emphasis added.) It is undisputed that Quick was incarcerated pending trial for, among other charges, the crime of burglary. That his application for release pending trial on the burglary charge would have been a waste of time because a capital-murder charge was pending against him is immaterial as § 15-18-5 provides for relief upon a showing only of incarceration pending trial on the charge for which he was convicted. The credit available under § 15-18-5 is in no way tied to a defendant’s ability to apply for release pending trial. For all that appears, had there been no capital-murder charge, upon Quick’s application for release pending trial on the burglary charge a bond could have been set that he was unable to post, requiring him to remain incarcerated. Under the plain meaning of § 15-18-5, Quick would have been entitled to credit for all of his “actual time spent incarcerated pending trial.” Likewise, if Quick had been charged only with burglary and did not seek release pending trial, the circumstance of the availability of procedures for pretrial release that he failed to invoke should not enter into his right to credit under § 15-18-5 for “all of his actual time spent incarcerated pending trial.”